UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG M. MAYNARD,<br><br>                    Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Respondent. | Case No.:  22-CR-1503-TWR<br>                  25-CV-0660-TWR<br><br>**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

Presently before the Court is Defendant Craig M. Maynard's Motion to Vacate under 28 U.S.C. § 2255 ("Mot.," ECF No. 355), as well as the United States of America's Response in Opposition ("Opp'n," ECF No. 364) to the Motion.  For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On June 30, 2022, a Grand Jury in the Southern District of California returned an Indictment charging Defendant and several others with multiple drug and firearm violations. (ECF No. 1.)  Defendant pled guilty pursuant to a Plea Agreement to violating Counts 1 (21 U.S.C. §§ 841(a)(1), 846—conspiracy to distribute controlled substances), 5 (18 U.S.C. § 922(g)(1)—felon in possession of a firearm), and 9 (18 U.S.C. § 924(c)(1)(A)(i)—possession of a firearm in furtherance of a drug trafficking crime) of the Indictment.  (ECF Nos. 277, 279.)  As part of Defendant's Plea Agreement, Defendant

22-CR-1503-01-TWR

represented that he had a "full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of th[e] plea."  (ECF No. 279 ("Plea Agreement") at VI.A.)  Defendant also recognized that the "Government ha[d] not made and [would] not make any representation about what sentence Defendant w[ould] receive."  (*Id.* at IX.)  On March 15, 2024, the Court sentenced Defendant to "240 months as to count 1, 120 months as to count 5, and 5 years as to count 9 to run consecutive to both counts 1 and 5 for a total of 300 months; all to run concurrent with the sentence imposed in 21CR1266-TWR."  (ECF No. 315.)

Attorney Frank R. Balistrieri represented Defendant from his arraignment on July 6, 2022, until January 20, 2023.  (*See* ECF Nos. 11, 123.)  On January 20, 2023, the Court granted Defendant's Motion to substitute Attorney John Lanahan for Attorney Frank R. Balistrieri.  (*See* ECF No. 123.)  Assistant United States Attorney Janaki Gandhi Chopra ("AUSA Chopra") was lead counsel for the United States.  (*See* ECF No. 18.)  Defendant also had a second criminal case, 21-cr-1266-TWR.  In 21-cr-1266-TWR, Attorney Frank R. Balistrieri represented Defendant from his initial appearance through sentencing.  (*See generally* Docket in 21-cr-1266-TWR.)  AUSA Chopra was also lead counsel for the United States in 21-cr-1266-TWR.  (*See id.*)

On March 17, 2025, Defendant filed the instant Motion, which alleges that Defendant received ineffective assistance of counsel because his "initially appointed counsel Frank R. Balistrieri failed to inform [him] that [he] needed to provide additional information to the Government leading to the arrest of a co-defendant in order for the Government to recommend a sentence of fifteen years in prison to be served concurrently with the seventy-eight months in prison imposed in case number 21cr1266-TWR."  (Mot. at 6.)  Defendant waived his attorney-client privilege for the purposes of this Motion.  (*See* ECF No. 362.)  Mr. Balistrieri provided a declaration to the Government.  (*See* ECF No. 364 Exh. 1 ("Balistrieri Decl.").)

/ / /

/ / /

22-CR-1503-01-TWR

**DISCUSSION**

## I.    Legal Standard

"The customary procedure for raising an ineffective assistance of counsel claim in this circuit is by collateral attack under 28 U.S.C. § 2255." *United States v. Mal*, 942 F.2d 682, 689 (9th Cir. 1991); *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) ("[Claims of ineffective assistance of counsel] normally should be raised in habeas corpus proceedings"). "To succeed on a claim for ineffective assistance of counsel, a defendant must show that their attorney's performance was deficient and prejudicial." *United States v. Osorio-Arellanes*, 112 F.4th 647, 662 (9th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. "[S]crutiny of counsel's performance must be highly deferential, and the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).

## II.    Analysis

### A.    Deficient Performance

In his Motion, Defendant argues his "initially appointed counsel Frank R. Balistrieri failed to inform [him] that [he] needed to provide additional information to the Government leading to the arrest of a co-defendant in order for the Government to recommend a sentence of fifteen years in prison to be served concurrently with the seventy-eight months in prison imposed in case number 21cr1266-TWR." (Mot. at 6.)

The record demonstrates that Mr. Balistrieri met with AUSA Chopra and proposed that the Government allow Defendant "to plead to Counts 1 and 9 of the Indictment and that the parties agree to a Joint Recommendation for 15 years to run concurrent with 21-CR-1266-TWR at the time of sentencing." (Balistrieri Decl. ¶ 4.)  However, Mr. Balistrieri's suggestion was rejected by AUSA Chopra. (*See id.*; Opp'n at 5 (stating AUSA Chopra "rejected the 15-year plea proposal")).  Mr. Balistrieri and AUSA Chopra also

*separately* discussed "the possibility of [Defendant] receiving credit in locating a co-defendant," but that was not connected to the suggested 15-year concurrent sentence. (Balistrieri Decl. ¶ 4; Opp'n at 5.)  Mr. Balistrieri mentioned his conversation with AUSA Chopra to Attorney John Lanahan, the attorney that Defendant retained on January 20, 2023.  (Balistrieri Decl. ¶ 6.)  However, it was not his "intention to give Mr. Lanahan the impression that [his] discussion with AUSA Chopra had risen to the level of an agreement." (*Id.*)

Because the record illustrates that there was no "agreement" between Mr. Balistrieri and AUSA Chopra, Mr. Balistrieri could not have been deficient in failing to inform Defendant about what information he needed to provide for a recommended 15-year concurrent sentence.  Further, the record illustrates that the suggestion of a 15-year concurrent sentence and credit for locating a co-defendant were separate discussions. Accordingly, the Court finds that Mr. Balistrieri's performance could not have been deficient in failing to inform Defendant that he "needed to provide additional information to the Government leading to the arrest of a co-defendant in order for the Government to recommend a sentence of fifteen years in prison" because that option was never available to Defendant.  Because Mr. Balistrieri's performance was not deficient, Defendant's ineffective assistance of counsel claim fails.

### B.    Prejudice

Because there was no agreement between Mr. Balistrieri and AUSA Chopra, Defendant also cannot show prejudice.  *See Strickland*, 466 U.S. at 694 ("[D]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  Since there was no potential for Defendant to exchange information about a co-defendant for a recommended 15-year concurrent sentence, there is no reasonable probability that the result of the proceeding would have been different.  Moreover, even assuming such an agreement existed, and Mr. Balistrieri was deficient in failing to provide information to Defendant, there is no evidence that this would have changed the result of the proceeding.  (*See* Balistrieri Decl. ¶ 4 (stating

4

the co-defendant was later apprehended through the Government's own resources).)  Thus, Defendant's ineffective assistance of counsel claim also fails under the prejudice prong.

## III.    Evidentiary Hearing

A district court may deny a § 2255 Motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).  An evidentiary hearing is required, however, if the defendant "make[s] specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  Further, credibility issues can be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).

Here, Defendant alleges that Mr. Balistrieri failed to inform him that he "needed to provide additional information to the Government leading to the arrest of a co-defendant in order for the Government to recommend a sentence of fifteen years in prison to be served concurrently with the seventy-eight months in prison imposed in case number 21cr1266-TWR." (Mot. at 6.)  But the record—including Defendant's signed Plea Agreement, Mr. Balistrieri's Declaration, and AUSA Chopra's representations in the Government's Opposition—conclusively show there was no agreement and that the discussion about locating a co-defendant and the suggestion of a 15-year concurrent sentence were separate. (*See* Plea Agreement; Balistrieri Decl. ¶ 4; Opp'n at 5.)  *See Kingsbury v. United States*, 783 F. App'x 680, 683 (9th Cir. 2019) (finding that the "district court was well equipped to assess the credibility of [the defendant's] claims without the need to conduct an evidentiary hearing" when the record included the transcript of the defendant's plea colloquy, his signed written plea agreement, and declarations filed by his attorney). Further, Defendant makes no specific factual allegations that contradict the record.  Thus, an evidentiary hearing is not required.  *See* 28 U.S.C. § 2255(b) (permitting a district court to deny an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than

conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.") (citation omitted).

<b>CONCLUSION</b>

In light of the foregoing, the Court **DENIES** Defendant's Motion to Vacate Under 22 U.S.C. § 2255 (ECF No. 355).  Additionally, the Court **DENIES AS MOOT** the Petition to Vacate under 22 U.S.C. § 2255, filed as ECF No. 1 in Civil Case No. 25-CV-660-TWR.  In the event Defendant files an appeal, the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY** because Defendant has not made a substantial showing of the denial of a constitutional right and a reasonable jurist would not find the Court's ruling debatable.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED.**

DATED: _____3/17/2026_____

Hon. Todd W. Robinson
United States District Judge

22-CR-1503-01-TWR